UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 96-0210 (PLF) |
| NORLAN FRANCISCO JIRON, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of the defendant, Norlan Francisco Jiron, to reduce his sentence. Mot. at 1.[1] Mr. Jiron's motion will be denied for two independent reasons: (1) he was sentenced according to a statutory mandatory minimum rather than a Guidelines sentencing range; and (2) the Fair Sentencing Act ("FSA") does not apply to defendants sentenced before its enactment.

I. BACKGROUND

On December 21, 2004, Mr. Jiron was sentenced to 120 months' imprisonment for violations of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(A). Judgment at 2. Under 21 U.S.C. § 841(b)(1)(A), a sentence of 120 months was the mandatory minimum sentence that could be imposed. See 21 U.S.C. 841(b)(1)(A).

---

[1] The papers reviewed in connection with the pending motion include: the defendant's motion for reduction of sentence ("Mot.") [Dkt. No. 36]; the judgment ("Judgment") [Dkt. No. 19]; a memorandum opinion and order denying motion [31] ("Memorandum Opinion and Order of June 21, 2010") [Dkt. No. 33]; an order denying motions [27] and [28] ("Order of Mar. 19, 2009") [Dkt. No. 29]; and an order denying motion [34] ("Order of June 2, 2011") [Dkt. No. 35].

Mr. Jiron filed a *pro se* motion for reduction of sentence on October 31, 2011, and sent a follow-up letter dated January 13, 2012. He argues that an amendment to the United States Sentencing Guidelines that reduced the Guidelines sentencing ranges should apply to his sentence and that the FSA is retroactive.

## II.  DISCUSSION

### A. 18 U.S.C. § 3582(c)(2)

Under 18 U.S.C. § 3582(c)(2), the Court may modify a sentence when the defendant was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered. Dillon v. United States, – U.S. –, 130 S. Ct. 2683, 2687 (2010). But the Court may only modify a sentence when the defendant was sentenced to a term of imprisonment that was "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" and "'if such a reduction is consistent with' applicable Commission policy statements.'" Id. at 2687 (quoting 18 U.S.C § 3582(c)(2)); see also United States v. Cook, 594 F.3d 883, 885-86 (D.C. Cir. 2010).

As the Court has explained in prior opinions and orders, see, e.g.,Order of June 2, 2011; Memorandum Opinion and Order of June 21, 2010; Order of Mar. 19, 2009, Mr. Jiron was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Rather, he was sentenced pursuant to the mandatory minimum sentence prescribed by statute. Memorandum Opinion and Order of June 21, 2010. This circuit has said that "where a defendant is sentenced to a statutory mandatory minimum sentence, relief under section 3582(c)(2) is unavailable because the sentence is no

2

longer 'based on' a sentencing range." United States v. Cook, 594 F.3d at 886.  Mr. Jiron is therefore ineligible for Section 3582(c)(2) relief.

*B. The Fair Sentencing Act*

Mr. Jiron also argues that the Fair Sentencing Act, which increased the amount of crack cocaine necessary to trigger mandatory minimum sentences, applies retroactively to persons who, like him, were sentenced before the effective date of the Act.  Mot. at 2.  Mr. Jiron was sentenced in 2004, and the FSA was passed in 2010.  This circuit recently ruled that the FSA does not apply retroactively to a defendant whose conviction and original sentence had become final before the FSA was passed.  United States v. Bigesby, — F.3d —, 2012 WL 2362583, at *5 (D.C. Cir. June 22, 2012).   In concluding that the FSA does not apply to defendants sentenced before its enactment, the D.C. Circuit aligned itself with the clear weight of authority.  See id.; United States v. Baptist, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curium) (citing decisions from every circuit except the D.C. Circuit and the Federal Circuit).  Accordingly, it is hereby

ORDERED that Mr. Jiron's motion to reduce sentence [Dkt. Nos. 36, 37] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:   June 25, 2012                                                   United States District Judge